# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Action No. 21-77-1 (RDM) |
| MELODY STEELE-SMITH, | |
| Defendant. | |

## DEFENDANT'S MOTION TO COMPEL DISCOVERY UNDER RULE 16 AND *BRADY V. MARYLAND*

Defendant Melody Steele-Smith ("Ms. Smith"), through undersigned counsel, respectfully moves this Court to compel the government to disclose material evidence. Specifically, Ms. Smith requests (1) the cell phone extraction (or cell phone itself) that was seized from Ms. Smith; (2) any and all relevant surveillance and body worn cameras from inside and around the Capitol on January 6, 2021.[1]

Undersigned counsel appreciates that there is a significant volume of January 6 discovery that the government is working hard to assess, organize, and deliver to the relevant defendants; however, this volume of general discovery—of undetermined relevance to particular defendants— does not in any way bear upon government's capacity to deliver discovery that has *already* been identified as relevant to a particular defendant. Here, the subject matter of Ms. Smith's discovery request is of known relevance to Ms. Smith. Even so, the government has failed to produce this critical discovery for *eight months*. It is plainly unacceptable.

---

[1] The government has provided surveillance videos from inside the capitol. It is not clear whether the videos provided represent all of the relevant surveillance video. The government has not provided <u>any</u> body worn camera footage.

Ms. Smith is a 58-year-old Navy veteran.  Prior to her arrest for her alleged activities on January 6, she had never been arrested.  She is not alleged to have committed any acts of violence or destruction of property on January 6th.  She is a mother, a grandmother, and a respected member of her Gloucester, VA community. As anticipated, she has been in perfect compliance with conditions of pre-trial release since January 22, 2021. Ms. Smith should not have to bear the burden of sustained uncertainty about the serious felony charges that she faces while the government delays and represents--without justification--that it is unable to provide timely discovery and *Brady* material.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Ms. Smith was arrested in connection with her January 6 activities on January 20, 2021. She was ordered released with conditions on January 22, 2021. On February 3, 2021, an Indictment was filed charging Ms. Smith with aiding and abetting the obstruction of an official proceeding in violation of 18 U.S.C. §§ 1512(c)(2), 2; entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2); entering and remaining in certain rooms in the Capitol building in violation of 40 U.S.C. § 5104(e)(2)(C); and disorderly conduct in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(D).  Indictment, Doc. No. 8. Ms. Smith was initially represented by Tony Miles ("Mr. Miles"). When Mr. Miles left the Office of the Federal Public Defender for the District of Columbia, undersigned counsel filed a notice of appearance.  Doc. No. 13.  Upon his departure, Mr. Miles kindly provided the case file – including preliminary discovery – to undersigned counsel, as the government indicates in its briefing. *See* Gov't Status Report on Discovery, Doc. No. 18. This preliminary disclosure included Ms. Smith's Federal Bureau of

Investigation ("FBI") 302 report, and a search warrant for certain Facebook data from her account. *See id*.

On June 10, 2021, the government filed an unopposed motion to continue a status conference, then-scheduled for June 11, 2021. The Court granted the motion and the status conference was rescheduled for August 3, 2021. Undersigned counsel did not oppose the motion to continue the June status conference for sixty days, based *only* on the government's representation to counsel that it would provide additional discovery *prior* to the next status date. Despite two written requests for discovery—to which the government did not respond—additional discovery was not provided. Undersigned counsel raised the issue at the August 3 status conference. The Court ordered the government to provide discovery no later than August 13, 2021. *See* Minute Entry, August 3, 2021. Despite that clear directive, the government has not produced the specific discovery requested, including material law enforcement discussed with Ms. Smith during her interview and material referenced in the Affidavit in support of Ms. Smith's arrest.

The Affidavit in support of Ms. Smith's arrest references several categories of material, both within the government's possession and previously identified as relevant to this case. For example, as noted *supra*, the Affidavit alleges that Ms. Smith entered the capitol and took video and photos from her phone. Doc. 1-1. The Affidavit also references a tip to law enforcement and subsequent surveillance of Ms. Smith's home. *Id*. The defense has not received the report of the tip, surveillance operation of her home, or the contents of Ms. Smith's phone[2], which law enforcement seized from her when she was arrested.

---

[2] In response to the undersigned's specific request for the phone, government counsel represented that the government does not have the phone. This is troubling to say the least, given that it was seized from Ms. Smith eight months ago.

**ARGUMENT**

**A.     Rule 16 requires the production of Ms. Smith's phone and other relevant video evidence.**

Federal Rule of Criminal Procedure 16(a)(1)(E) provides defendants with broad discovery rights.  The rule requires the production, upon defendant's request, of documents and objects within the government's possession, custody, or control that are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E).  Materiality "is not a heavy burden." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993).  Evidence is material—whether exculpatory or inculpatory—"as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998) (quoting *Lloyd*, 992 F.2d at 351). A defendant makes an adequate showing of materiality where they "present[s] any facts which would tend to show that the government was in possession of information that would be helpful to the defense." *United States v. Cadet*, 727 F.2d 1453, 1466 (9th Cir. 1984).

Ms. Smith can clearly make a showing of materiality in the requested discovery.  The material requested was relied upon in the government's Affidavit and therefore used as the probable cause basis in support of her arrest.  It is critical information that she must have in order to prepare her defense: she cannot begin preparing for trial if she cannot review the materials upon which the government has and likely will rely. Likewise, she needs to review her the contents of her phone to extract and identify evidence that will be exculpatory as to her plans, intent, and conduct on January 6. Finally, and similarly, body worn camera of officers in Ms. Smith's vicinity is also critical to preparing her defense. Indeed, one image captures police officers close to Ms. Smith. The government has not provided body worn camera footage of any of the officers that may

have encountered Ms. Smith.  This footage is material to each charge, as it contextualizes her specific conduct on January 6.

In determining what to disclose under Rule 16, "the government cannot take a narrow reading of the term 'material' . . . [n]or may it put itself in the shoes of defense counsel in attempting to predict the nature of what the defense may be or what may be material to its preparation." *United States v. Safavian*, 233 F.R.D. 12, 15 (D.D.C. 2005).  Rather, "[t]he language and the spirit of the Rule are designed to provide to a criminal defendant, in the interest of fairness, the widest possible opportunity to inspect and receive such materials in the possession of the government as may aid him in presenting his side of the case." *United States v. Libby*, 429 F. Supp. 2d 1, 5 (D.D.C. 2006) (quoting *United States v. Poindexter*, 727 F. Supp. 1470, 1473 (D.D.C. 1989); *see also* Fed. R. Crim. P. 16, advisory committee note (amend. 1974) (explaining how "broad discovery contributes to the fair and efficient administration of criminal justice" and that Rule 16 provides "the minimum amount of discovery to which the parties are entitled.  It is not intended to limit the judge's discretion to order broader discovery in appropriate cases") (emphasis added).  Because it is in the interest of fairness that criminal defendants have "the widest possible opportunity to inspect and receive" material in the government's possession that may aid in the defense, disputes regarding the discoverability of information under Rule 16 "should be resolved in the defendants' favor." *United States v. Karake*, 281 F. Supp. 2d 302, 306 (D.D.C. 2003).

**B.      *Brady v. Maryland* mandates the production of the requested material.**

The government has additional disclosure obligations under *Brady v. Maryland* and its progeny that serve as an alternative, constitutional basis for disclosure.  373 U.S. 83 (1963). In the pretrial setting, *Brady* requires disclosure of any information that is "favorable" to the defense, "without regard to whether the failure to disclose it likely would affect the outcome of the

upcoming trial." *United States v. Safavian*, 233 F.R.D. 12, 16 (D.D.C. 2005). Favorable information includes any information "that tends to help the defense by either bolstering the defense case or impeaching potential prosecution witnesses." *Id*.

The government's broad disclosure obligations arise out of the "special role played by the American prosecutor in the search for truth in criminal trials." *Strickler v. Greene*, 527 U.S. 263, 280 (1999). The prosecutor's interest "is not that [she] shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 99 (1935). And in her pursuit of justice, "'the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in th[e] case,'" including from the Metropolitan Police Department, the FBI, the Department of Homeland Security, and to disclose that information to the defendant. *See Strickler*, 527 U.S. at 281 (quoting *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)); *In Re Sealed Case*, 185 F.3d 887, 896 (D.C. Cir. 1999) (discussing that prosecutors have a duty to learn of and disclose files in the possession of the Drug Enforcement Agency). Because of the prosecutor's special role, courts "look with disfavor on narrow readings by prosecutors of the government's obligations under Brady." *United States v. Singhal*, 876 F. Supp. 2d 82, 104 (D.D.C. 2012). "Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure." *Safavian*, 233 F.R.D. at 17; *see also* U.S. Attorney's Manual § 9-5.001.C.1 (requiring disclosure of "information that is inconsistent with any element of any crime charged . . . regardless of whether the prosecutor believes such information will make the difference between conviction and acquittal of the defendant for a charged crime."). As the Supreme Court explained, "a prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence. This is as it should be." *Kyles*, 514 U.S. at 439.

Defense counsel has a good faith basis for believing that Ms. Smith's phone and body worn camera footage will have information that is favorable to her defense. For example, her phone is likely to have messages and photos that show that she did not use violence or destroy property in order to enter the Capitol. It will also likely show that law enforcement present at the Capitol did not attempt to prevent her entry or notify her that the grounds were restricted from public access. Footage from the body worn cameras will likely show that she did not use violence, destroy property, and that she was not provided affirmative notice about the restricted areas. Perhaps most importantly, her phone will also contain material that shows that she did not have the requisite intent for the charged offenses.  Without these critical materials, Ms. Smith can neither prepare a defense nor be expected to engage in meaningful plea negotiations—negotiations that, if successful, aide in reducing the burden of the government's broader discovery challenges.

## II.    <u>CONCLUSION</u>

For the reasons set forth above, and for such other reasons as this Court may determine, Ms. Smith respectfully requests that the Court order the government to provide defense counsel with Ms. Smith's cell phone extraction (or the phone itself), any all relevant surveillance video, and any and all body worn camera no later than August 20, 2021.

Respectfully submitted,

_____/s_____
Elizabeth A. Mullin, Esquire
Attorney for Defendant
DC Bar No. 484020
Virginia Bar No. 86668
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA   22314
(703)600-0879 (telephone)
elizabeth_mullin@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13 2021, I will electronically file the foregoing with the Clerk of court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

_____/s/_____
Elizabeth A. Mullin, Esquire
Attorney for Defendant
DC Bar No. 484020
Virginia Bar No. 86668
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA   22314
(703)600-0879 (telephone)
(703)600-0880 (facsimile)
elizabeth_mullin@fd.org