UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MELODY STEELE SMITH,<br><br>    Defendant. | Crim. Action No. 1:21CR77 (RDM) |

MS. MELODY STEELE SMITH'S REPLY TO THE GOVERNMENT'S
OPPOSITION TO HER MOTION FOR
A BILL OF PARTICULARS

  Melody Steele Smith through undersigned counsel, respectfully submits this Reply to the government's opposition to her Motion for a Bill of Particulars. The government contends that "indictment lists prohibited conduct the Defendant engaged in" and that the indictment has been supplemented by discovery. *See* Gov. Opp. ECF No. 43 at 1. Contrary to the government's assertions, the indictment does not notify Ms. Steele Smith as to what conduct the government alleges supports its charges, nor does the discovery to date elucidate the matter for Ms. Steele Smith and counsel.

  First, as set forth in her Motion, the indictment does not notify Ms. Steele Smith about what acts she took that caused the government to charge 1) that she acted with corrupt intent 2) that she engaged in "disorderly and disruptive conduct," or 3) what "government function," the government alleges she intended to disrupt. While the government has provided CCTV video footage capturing Ms. Steele Smith

walking calmly around the Capitol, the government has yet to provide the identities of any officers who encountered Ms. Steele Smith that day, despite numerous requests by counsel and a pending Motion to Compel (ECF No. 31). The body-worn camera or statements of these officers might provide insight into exactly what it is that Ms. Smith did that evinced a corrupt intent or rose to the level of "disorderly and disruptive" conduct, but the government has not turned that over so Ms. Steele Smith does not yet know, despite a looming trial date.

Ms. Steele Smith does seek to know the government's "trial theories" before trial. *See* Gov. Opp. ECF No. 43 at 6. She simply wants to know—as she is entitled to—"the nature of the acts" relied upon by the prosecution as constituting the allegations in Count One, Two, Four and Five. *See United States v. Hillie*, 227 F. Supp. 3d 57, 71 (D.D.C. 2017) (indictment fatally flawed where it failed to provide notice of the factual bases for the charges).

Wherefore the reasons stated herein and in ECF No. 30, Ms. Smith moves the Court to direct the Court to provide a bill of particulars as to Counts One, Two, Four, and Five.

Respectfully Submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
ELIZABETH A. MULLIN
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

_____/s/_____
NATHANIEL WENSTRUP
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
703-600-0825
703-600-0880 (fax)
Nate_Wenstrup@fd.org